UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|
| Case No. | 2:15-cv-012-CAS(MANx) | Date February 26, 2015 |
| Title | YADIRA ARTEAGA v. MACY'S WEST STORES, INC. | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS): PLAINTIFF'S MOTION TO REMAND (Dkt. No. 12, filed February 3, 2015)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 9, 2015, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On August 7, 2014, plaintiff Yadira Arteaga filed this negligence and premises liability action in Los Angeles County Superior Court against Macy's Corporate Services, Inc. ("Macy's Corporate") and Does 1 through 20. Plaintiff alleges that she was using the restroom at a Macy's store when she slipped and fell on a puddle of water that had been leaking from a toilet. On January 2, 2015, Macy's West Stores, Inc. ("Macy's West"), which is not a party to this action, removed this case to federal court on the basis of diversity jurisdiction. Dkt. No. 1.

On February 3, 2015, plaintiff filed a motion to remand the action to the Superior Court. Dkt. No. 12. Macy's West filed an opposition on February 13, 2015, and plaintiff replied on February 19, 2015. Dkt. Nos. 16, 17. As set forth in more detail below, the parties do not dispute that the action should be remanded, and it is clear that it should be. The only disputed issue is whether the Court should order payment of costs plaintiff has incurred as the result of the removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:15-cv-012-CAS(MANx) | Date | February 26, 2015 |
|---|---|---|---|
| Title | YADIRA ARTEAGA v. MACY'S WEST STORES, INC. | | |

## II. LEGAL STANDARD

The federal district courts "have removal jurisdiction over any claim that could have been brought in federal court originally." Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 686–87 (9th Cir. 2007) (citing 28 U.S.C. § 1441(a)). A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). A motion to remand based on any defect other than subject matter jurisdiction must be made within thirty days after the filing of the notice of removal; however, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. Federal courts strictly construe the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

A federal district court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 when the parties are completely diverse and the amount in controversy exceeds $75,000. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and the state where its principal place of business is located. Lightfoot v. Cendant Mortg. Corp., 769 F.3d 681, 698 (9th Cir. 2014). A corporation's "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92–93 (2010). This "nerve center" is typically the "place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." Id. at 93.

## III. DISCUSSION

### A. Remand Is Required.

Plaintiff submits undisputed evidence that Macy's Corporate and Macy's West are separate business entities, and that plaintiff named only the former as a defendant in this action. Dkt. No. 12 Ex. 2. As explained below, remand is required for at two reasons:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:15-cv-012-CAS(MANx) | Date | February 26, 2015 |
|---|---|---|---|
| Title | YADIRA ARTEAGA v. MACY'S WEST STORES, INC. | | |

Macy's West was not a named defendant with standing to remove the action, and Macy's Corporate did not join in the removal.[1]

    1.    Standing

"Section 1446(a) of Title 28 authorizes only the state court defendants to remove cases to federal court." 14C Wright & Miller, Federal Practice and Procedure, Jurisdiction § 3730 (4th ed. 2008); see also William W. Schwarzer, et al., Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions § 2:2245 ("The right to remove a case from state to federal court is vested exclusively in 'the defendant or the defendants." (emphasis in original) (citing 28 U.S.C. § 1441(a)). Plaintiff asserts that Macy's West, which plaintiff did not name in the complaint, has made no showing that it is a proper defendant. Plaintiff further argues that Macy West's claim that it was "erroneously sued as Macy's Corporate Services, Inc." is unsupported. Therefore, plaintiff contends, Macy's West lacked standing to remove this action.

Plaintiff's standing argument finds particular support in Tanha v. Macy's Inc., No. 12-6471 SC, 2013 WL 1365953 (N.D. Cal. Apr. 3, 2013). In that case, the plaintiff sued "Macy's Inc." in state court for negligence and premises liability. Although it was not named as a defendant, Macy's West answered the complaint and removed the action to federal court on diversity jurisdiction grounds.[2] Id. at *1. The court granted a motion to remand the action for lack of subject matter jurisdiction, noting that "Macy West's standing in this case is an aspect of subject matter jurisdiction" and that "[d]efendants are the only parties who are statutorily permitted to remove cases from state to federal courts." Id. at *2 (citing Fleck & Assocs., Inc. v. Phoenix, 471 F.3d 1100, 1107 n.4 (9th Cir. 2006) ("Standing is an aspect of subject matter jurisdiction."); 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants.")).

---

[1]Two additional arguments advanced by plaintiff and discussed below do not appear to provide independent bases for remand.

[2]Plaintiff implies that the "Macy's Inc." sued in Tanha is the same entity as the Macy's Corporate entity sued in this case, and defendant does not contest that implication.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-012-CAS(MANx) | Date | February 26, 2015 |
| Title | YADIRA ARTEAGA v. MACY'S WEST STORES, INC. | | |

The court also reasoned that the "removal statute makes no allowances for what Macy's West has tried to do," and cited the Supreme Court's admonition that "[w]here a statute . . . names the parties granted the right to invoke its provisions . . . such parties only may act." Id. at *2 (internal quotation marks and alterations omitted) (citing Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6–7 (2000)).  The court then sternly criticized Macy West's removal:

> The parties have done nothing to add Macy's West as a defendant in this case.  For example, Plaintiff has not amended his complaint, and Macy's West has not formally moved to intervene.  Macy's West's arguments under these circumstances strain both credulity and Rule 11.  They offer no real explanation of Macy's West's behavior or of its relationship to Macy's Inc.  Moreover, Macy's West cites absolutely no law or facts supporting its contention that it is allowed to take over a case in lieu of a named defendant and then to remove said case to federal court.  Macy's West simply decided, on its own initiative and without much explanation, that it is the proper defendant in this case, and that "economy and efficiency" merit its taking over the action for Macy's Inc.  This is baseless. Macy's West is not a party to this action and has no standing to remove Plaintiff's case under the removal statutes.  As a result, the Court lacks subject matter jurisdiction over this dispute.

Id. at *3 (citations omitted).³  The Tanha court did not, however, award any fees or costs incurred as a result of removal.  Id.  This Court notes that the same law firm that represented Macy's West in Tanha—Manning & Kass, Ellrod, Ramirez, Trester LLP—is counsel of record for Macy's West in this case.

     Macy's West does not respond to plaintiff's argument that it lacks standing, instead stating that it "does not oppose Plaintiff's request that the Court remand this action."

---

    ³See also Juliano v. Citigroup, N.A., 626 F. Supp. 2d 317, 319 (E.D.N.Y. 2009) ("In short, a non-party lacks standing to invoke a district court's removal jurisdiction under 28 U.S.C. §§ 1441 and 1446.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'    JS-6

| Case No. | 2:15-cv-012-CAS(MANx) | Date | February 26, 2015 |
|---|---|---|---|
| Title | YADIRA ARTEAGA v. MACY'S WEST STORES, INC. | | |

Dkt. No. 16 at 1. The Court finds Tanha persuasive, and concludes that remand is required because Macy's West lacked standing to remove this action.

      2.     Rule of Unanimity

"In cases involving multiple defendants, all defendants must join in a removal action with the exception of nominal parties." Foley v. Allied Interstate, Inc., 312 F. Supp. 2d 1279, 1282 (C.D. Cal. 2004) (citing Embury v. King, 361 F.3d 562, 563 n.1 (9th Cir. 2004)); see 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). "[T]his rule has often been referred to as the 'rule of unanimity.' " Foley, 312 F. Supp. 2d at 1282.

Macy's Corporate, which was named as a defendant and appears to have been properly served, did not join in the notice of removal. See Dkt. No. 1. Macy's West offers no response to this argument. Removal was improper for this additional reason.

      3.     Diversity Jurisdiction

Plaintiff argues that even if Macy's West were a named defendant, diversity would be lacking because Macy's West is a California citizen for diversity purposes. Both Macy's Corporate and Macy's West are incorporated in Ohio. See Dkt. No. 12 Ex. 2 (California Secretary of State Business Entity Detail for Macy's Corporate Services, Inc.); id. Ex. 3 (same for Macy's West Stores, Inc.). But plaintiff asserts that a "business search on Findlaw.com" indicates that the " 'main office' of Macy's West, Inc.," which according to plaintiff "appears to be an interchangeable name with Macy's West Stores, Inc.," is located in San Francisco, California. Dkt. No. 12 at 6 & Ex. 1.

However, in its notice of removal, Macy's West states that it is "an Ohio corporation with its headquarters and principal place of business located in Cincinatti, OH." Dkt. No. 1 ¶ 8. And although the Court could not locate a case that actually decided the issue of Macy West's citizenship for diversity purposes, at least two district courts have characterized Macy's West as an Ohio, not a California citizen. See Tanha, 2013 WL 1365953, at *2 (noting that "Macy's West's notice of removal affirms" that "Macy's West is not a citizen of California but of Ohio," but declining to address diversity because removal was improper on other grounds); Cho v. Macy's, Inc., Civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-012-CAS(MANx) | Date | February 26, 2015 |
|---|---|---|---|
| Title | YADIRA ARTEAGA v. MACY'S WEST STORES, INC. | | |

Case No. 3:11-61-KI, 2011 WL 1542553, at *1 (D. Or. Apr. 21, 2011) ("Macy's West Stores, Inc. is an Ohio corporation with a principal place of business in Ohio."). Accordingly, although remand is required for the two reasons stated above, it does not appear that Macy West's citizenship provides an independent basis for remand.

    4.    Timeliness of Removal

Plaintiff also argues that the removal was untimely. As a general matter, the "notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief." 28 U.S.C. § 1446(b)(1). Where the original complaint does not make clear that the case is removable, however, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3). If the initial complaint does not appear removable solely because of an insufficient amount in controversy, "information relating to the amount in controversy in the record of the State proceeding, or in responses to discover, shall be treated as an 'other paper' under subsection (b)(3)." Id. § 1446(c)(3)(A).

Plaintiff asserts that removal was untimely because the Notice of Removal was filed approximately 130 days after the service of the complaint. But the Notice of Removal states that Macy's West first learned that plaintiff claimed more than $75,000 in damages when it received interrogatory responses dated and served on December 22, 2014, indicating that plaintiff had incurred $125,000 in medical expenses attributed to the alleged incident. Dkt. No. 1 ¶ 9 & Ex. G at 9:3–12:11. Plaintiff does not respond to this argument. Untimely removal does not appear to provide an independent basis for remand.

In sum, this case must be remanded because (1) Macy's West was not a named defendant with standing to remove the action, and (2) Macy's Corporate did not join in the removal.

    **B.**    **Macy's West Is Ordered to Pay Costs Incurred as a Result of Removal.**

A remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-012-CAS(MANx) | Date | February 26, 2015 |
| Title | YADIRA ARTEAGA v. MACY'S WEST STORES, INC. | | |

award of attorneys' fees pursuant to this section "is within the discretion of the district court, and bad faith need not be demonstrated." Moore v. Permanente Med. Grp., Inc., 981 F.2d 443, 446 (9th Cir. 1992). Still, courts in this district have declined to assess fees under § 1447(c) where removal was supported by colorable, if not persuasive, arguments. See, e.g., Lukens v. Broder/Kurland Agency, No. CV 00-08359 NM (JWJx), 2000 WL 35892340, at *7 (C.D. Cal. Sept. 14, 2000) ("Defendants' arguments for removal, though mostly unsuccessful, were colorable. For this reason, the court declines to grant plaintiff attorneys' fees."); California v. Steelcase, Inc., 792 F. Supp. 84, 87 (C.D. Cal. 1992) ("[D]efendant's arguments for removal jurisdiction, while novel, are at least colorable. Under these circumstances, the court declines to exercise its discretion in favor of granting attorney's fees." (citation omitted)).

Plaintiff reiterates that removal was improper, and argues that an award of attorneys' fees is appropriate. Plaintiff's counsel declares that counsel for Macy's West never gave any indication prior to its notice of removal that Macy's Corporate, on whom the complaint was served, was not the proper party to negotiate with concerning the instant lawsuit. Ruszecki Decl. ¶¶ 6–7. Plaintiff also points to a letter dated January 28, 2015 and faxed on that same day from plaintiff's counsel to counsel for Macy's West. Dkt. No. 12 Ex. 3. That letter stated that it "shall serve as a Meet and Confer regarding remanding the case back to state court." Id. The letter cited Hartford Underwriters, discussed above, and requested that Macy's West remand the case. Id. Plaintiff argues that this letter put Macy's West on notice of the impropriety of removal.

Macy's West opposes the request for fees. It represents that on February 13, 2015, "counsel for [Macy's West] proposed to counsel for Plaintiff that the parties enter into a stipulation to remand in lieu of proceeding with the motion, but counsel for Plaintiff refused, solely because of the possibility of obtaining fees and costs for filing the motion." Dkt. No. 16 at 1. Macy's West also contends that plaintiff's counsel failed to comply with Local Rule 7-3 because (1) he never conducted nor attempted to schedule a meet-and-confer conference before filing the motion to remand, and (2) the meet-and-confer letter referenced above "was sent less than one week prior to filing [of] the motion" and "did not set forth all of the legal authority used in support of the motion,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-012-CAS(MANx) | Date | February 26, 2015 |
| Title | YADIRA ARTEAGA v. MACY'S WEST STORES, INC. | | |

rendering it impossible for Defendant's counsel to assess the viability of the motion." Id. at 1–2.[4]

In reply, plaintiff asserts that defendant "emailed the proposed stipulation to [plaintiff's] counsel on February 13 at 10:49 A.M. and filed [its] opposition less than 6 hours later." Dkt. No. 17 at 1. Plaintiff argues that plaintiff's counsel did not have time to assess the stipulation or obtain plaintiff's approval, and denies that plaintiff's counsel rejected the stipulation or "stated it was doing so based upon the grounds which Defendant alleges." Id. at 1–2. Plaintiff alleges that defendant intentionally removed this action improperly as an "underhanded tactic," and agreed to remand this action only after being "caught" by plaintiff's counsel. Id. at 2.

The Court concludes that it is appropriate to require payment of actual expenses incurred as a result of the removal. Macy's West has not even attempted to argue that it had a colorable basis for removing the action. Additionally, the same law firm appears to have previously removed an action on Macy West's behalf when that entity was not named as a defendant, and the Tanha court's stern rebuke without imposing costs does not appear to have acted as a deterrent to improper removal. Finally, although it is true that Macy's West offered to stipulate to remand the action, it did so only after plaintiff had incurred the costs of filing this motion, and only a few hours before filing its opposition to this motion.

---

[4] This Court's Local Rule 7-3 provides that, with limited exceptions not relevant here, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion." C.D. Cal. L.R. 7-3. Although the meet-and-confer letter here appears to have been faxed one day late under the Local Rule, it is clear that Macy's West was put on notice of plaintiff's strongest argument for remand—that Macy's West was not permitted to remove this case under the removal statute—and did not make any offer to stipulate to remand for over two weeks after receipt of the letter. Although the Court does not find plaintiff's technical violation of Local Rule 7-3 to be good reason to deny costs in this case, plaintiff's counsel is admonished to comply with all Local Rules in future proceedings before this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-012-CAS(MANx) | Date | February 26, 2015 |
| Title | YADIRA ARTEAGA v. MACY'S WEST STORES, INC. | | |

      Plaintiff's counsel stated in a declaration attached to the motion to remand that he had spent nine hours on work related solely to the removal of this action, and anticipated spending six additional hours preparing a reply and attending a hearing on this matter, for a total of fifteen hours.  Ruszecki Decl. ¶¶ 3–4.  Plaintiff requests attorneys' fees of $3,750, based on an hourly rate of $250 and these fifteen hours.  Id. ¶¶ 2, 5.  The Court finds that, because Macy's West did offer to stipulate to removal before plaintiff's reply was due, and because the Court is not holding a hearing on this motion, it is appropriate to assess fees only for the work expended in preparing for and filing the instant motion.  Finding the hourly rate of $250 and the nine hours spent preparing for and filing the motion to be reasonable, the Court imposes costs of $2250.

## IV.  CONCLUSION

      In accordance with the foregoing, the Court **REMANDS** this action to the Los Angeles County Superior Court and **ORDERS** that Macy's West pay plaintiff costs and expenses incurred as a result of removal in the amount of $2250.

      IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |